# LAW OFFICE OF
# EVAN L. LIPTON

ELL@evanliptonlaw.com  
Tel / Text (917) 924-9800

250 West 55th Street, Floor 30  
New York, New York 10019

August 22, 2022

By ECF  
Hon. Denise L. Cote  
Senior United States District Court Judge  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street  
New York, New York 10007

Re: *United States v. Steven King et al*, 22 Cr. 115 (DLC)

Dear Judge Cote:

    I represent Steven King in the above-referenced matter. I write on his behalf to respectfully request modification of the conditions of pretrial release from home detention monitored by a GPS ankle bracelet to a curfew monitored by the same device. Pretrial Services (Officer Jonathan Lettieri) consents to the proposed modification and notes Mr. King's continued compliance. Assistant United States Attorney Thomas Wright, on behalf of the government, objects.

    On the day of Mr. King's arrest the parties entered into an agreement for his immediate release, including a $50,000 bail bond to be signed by a financially responsible person, home detention, and additional standard conditions. He was released on his own signature and directed to appear the next morning to affix the GPS device. (*See* Doc. No. 12, 2/24/22) As of today Mr. King has been subject to home confinement just short of six months. He has proven through his conduct that he does not pose a flight risk nor a danger to the community and that home detention is not the "least restrictive condition" to maintain his release. Moreover, home detention is causing unnecessary hardship for Mr. King, his partner and their children.

    Mr. King, 45 years old, lives in a small apartment with his partner and their two year old daughter, as well as her two additional young children. His partner, who is the leaseholder, works as a home health aide and Mr. King provides childcare. Mr. King does not have other family or friends in the neighborhood on whom he can rely and must delegate any outside task to his partner. Continued home detention prevents Mr. King from adequately caring for the children by

Case 1:22-cr-00115-DLC   Document 30   Filed 08/22/22   Page 2 of 2

Hon. Denise L. Cote
August 22, 2022
Page 2 of 2

compelling them to remain inside all day instead of going to local parks and playgrounds. When school re-opens next month, it will prevent him from bringing the children back and forth to school. He is also prevented from doing household tasks like shopping; when money was short, he was unable to visit a local food bank to bring home necessities for the family. All of these tasks fall on his working partner, causing extreme stress on their relationship.

Mr. King is currently unemployed and has been frustrated in his attempts to find a job. If this Application is granted, he will use his time outside of the apartment to go to the public library to work on his resume and look for job listings (there is no internet service in his apartment); he will be able to travel to "open calls" for work on short notice; and he will be able to check in with local businesses for potential employment. Finally, Mr. King's health has been suffering as a result of his sedentary lifestyle while confined in the apartment, and he intends to rejoin the local (discount) gym.

Mr. King has not, and does not now, pose a risk of flight or danger to the community. Even if he did, it would be mitigated by the proposed, modified conditions. For these reasons, the proposed modification, consented to by Pretrial Services, should be granted.

Thank you for your consideration of this Application.

Respectfully yours,

Evan L. Lipton
*Attorney for Steven King*

Cc:   A.U.S.A. Thomas Wright

P.T.S. Officer Jonathan Lettieri

*[Handwritten note:]* Denied. With prior approval from Pretrial Services, the defendant may leave the [home] to take children to school or pick them up from school to the extent Pretrial Services finds that to be necessary. /s/ Denise Cote 8/24/22